Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiffs WESTLEY ROBINSON and LUTHER COCKRILL as individuals, and on behalf of all similarly situated employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTLEY ROBINSON and LUTHER COCKRILL as individuals, and on behalf of all similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENT PET PARTNERS HOLDINGS, LLC; KRISER'S FEEDING PETS FOR LIFE, LLC DBA KRISER'S NATURAL PET; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br><br> **<u>CLASS ACTION</u>** <br><br> **COMPLAINT** <br><br> 1. Violation of the Fair Labor Standards Act (29 U.S.C. § 206); <br> 2. Violation of the Fair Labor Standards Act (29 U.S.C. § and 207); <br> 3. Failure to Pay All Wages; <br> 4. Failure to Provide Meal Periods; <br> 5. Failure to Provide Rest Periods; <br> 6. Failure to Maintain Accurate Payroll Records; <br> 7. Failure to Pay Wages Upon Ending Employment; <br> 8. Failure to Reimburse Business Expenses; and <br> 9. Unfair Competition <br><br> Assigned for all purposes to: <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES AND RESTITUTION

Plaintiffs WESTLEY ROBINSON ("Plaintiff Robinson" or "Mrs. Robinson") and LUTHER COCKRILL ("Plaintiff Cockrill" or "Mr. Cockrill") (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     This is a class action brought on behalf of Plaintiffs and the class they seek to represent ("Plaintiffs' Class"), as defined herein, as all non-exempt hourly and/or commission employees employed or formerly employed by Defendants INDEPENDENT PET PARTNERS HOLDINGS, LLC ("IPPH") and KRISER'S FEEDING PETS FOR LIFE, LLC DBA KRISER'S NATURAL PET ("KNP") (collectively, "Defendants"). The "Class Period" is defined as December 27, 2015 through the date of class certification, which represents the original filing of this matter as this case should be related back to the original filing pursuant to *Esparza v. Safeway, Inc.*, (2019 )36 Cal.App.5th 42, 59. Plaintiffs reserve the right to amend this Complaint to reflect a different "Class Period" as further discovery is conducted.

2.     Plaintiffs individually and on behalf the class  they seek to represent, seek relief against Defendants for the failure to pay all wages due in violation of California Labor Code sections 204, 510, 1182.12, 1194, 1197, and 1198; failure to provide meal and rest periods or compensation in lieu thereof pursuant to California Labor Code sections 226.7, 512, sections 11 and 12 of the Industrial Welfare Commission ("IWC") Wage Order No. 2, and Cal. Code Regs., Title 8, sections 11000 et seq.; failure to provide accurate itemized wage statements upon payment of wages pursuant to California Labor Code sections 226(a), 226.2, 1174, and Section 7 of IWC Wage Order No. 2; failure to pay wages of terminated or resigned employees pursuant to California Labor Code sections 201-203; and failure to reimburse business expenses pursuant to California Labor Code sections 2800 and 2802. Plaintiffs further seek equitable remedies in the form of

restitution, declaratory relief, and injunctive relief under the Business and Professions Code sections 17200 et seq. for unfair business practices.

3. Additionally, Plaintiffs seek recovery of damages for Defendants' failure to pay minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. sections 206, 207, and 29 C.F.R. section 778.315. Plaintiffs allege that Defendants, as a result of its nationwide policies and practices, failed to pay the applicable minimum and overtime wage for off-the-clock work in violation of California law. Plaintiffs further allege that Defendants failed to pay the applicable minimum wage for non-productive time and time spent during rest breaks for employees paid purely on commissions. Plaintiffs also allege that Defendants, as a result of its nationwide policies and practices, failed to pay all overtime and double time wages at the proper rates by failing to pay one-and-a-half (1.5) times the regular rate of pay and by failing to include bonuses, commissions, and other incentive pay into employees' regular rate of pay for purposes of calculating overtime, and double the regular rate of pay when applicable in violation of federal law.

4. At all relevant times herein, Defendants, have consistently maintained and enforced against Plaintiffs' Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiffs and Plaintiffs' Class for all hours worked, b) failing to provide Plaintiffs and Plaintiffs' Class with meal and/or rest periods or compensation in lieu thereof; c) willfully refusing to compensate Plaintiffs and Members of the Plaintiffs' Class wages due and owing at the end of their employment with Defendants; d) willfully refusing to furnish to Plaintiffs and Plaintiffs' Class accurate itemized wage statements upon payment of wages; and (e) willfully failing to reimburse business expenses.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

## JURISDICTION AND VENUE

5.     Venue is proper in this judicial district because the Defendant maintains its location and transacts business in the County of Los Angeles, the obligations and liability arise in this county, and work was performed by Plaintiffs and Members of the proposed class made the subject of this action in the County of Los Angeles, California.

6.     This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29. U.S.C. section 216 and 28 U.S.C. section 1331 because the action asserts rights arising under federal law. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

### A.     Plaintiffs

7.     Plaintiffs at various relevant times herein, were employees of Defendants and entitled to compensation for all hours worked and penalties. Plaintiffs were employed by Defendants within one (1) year prior to the commencement of this action, in the County of Los Angeles and at all times herein relevant. Plaintiffs were employed by Defendants during the Class Period in non-exempt hourly and/or commission positions.  Each of the Plaintiffs' Class Members are identifiable, current and/or formerly similarly situated persons who were employed by Defendants as non-exempt hourly and/or commission employees in California during the Class Period.

### B.     Defendants

8.     Plaintiffs are informed and believe, and based thereon allege that Defendant IPPH is a Delaware corporation that sells retail pet products and provides grooming services, among other things. Plaintiffs are informed and believe, and based thereon allege that IPPH has approximately 107 locations in

COMPLAINT FOR DAMAGES AND RESTITUTION

nine states (i.e., California, Illinois, Colorado, Texas, Virginia, Massachusetts, New Hampshire, Maryland, and Maine) and Washington, D.C. Plaintiffs are informed and believe, and based thereon allege that IPPH is and/or was the employer of Plaintiffs and Plaintiffs' Class during the Class Period. During the Class Period, IPPH employed Plaintiffs and similarly situated persons and failed to pay Plaintiffs and Plaintiffs' Class for all hours worked, failed to provide meal periods or pay a meal period penalty in lieu thereof, failed to provide rest periods or pay a rest period penalty in lieu thereof, failed to pay all wages upon separation of employment, failed to provide accurate itemized wage statements, and failed to reimburse business expenses. Plaintiffs, on information and belief, and based thereon allege that IPPH is conducting business in good standing in California.

9.    Plaintiffs are informed and believe, and based thereon allege that KNP is an Illinois corporation with its principal place of business in Santa Monica, California. Plaintiffs are informed and believe, and based thereon allege that KNP provides pet services, such as, grooming, daycare, washing, training, and veterinary services in dozens of stores in four states (i.e., California, Colorado, Illinois, and Texas). Plaintiffs are informed and believe, and based thereon allege that IPPH purchased KNP in or around 2017. Plaintiffs are informed and believe, and based thereon allege that KNP is and/or was the employer of Plaintiffs and Plaintiffs' Class during the Class Period. During the Class Period, KNP employed Plaintiffs and similarly situated persons and failed to pay Plaintiffs and Plaintiffs' Class for all hours worked, failed to provide meal periods or pay a meal period penalty in lieu thereof, failed to provide rest periods or pay a rest period penalty in lieu thereof, failed to pay all wages upon separation of employment, failed to provide accurate itemized wage statements, and failed to reimburse business expenses. Plaintiffs, on information and belief, and based thereon allege that KNP is conducting business in good standing in California.

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

10.     Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief allege that said Defendants are legally responsible for the payment of unpaid wages, rest and meal period compensation, and penalties, among other things, to Plaintiffs' Class Members by virtue of their unlawful practices, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

## GENERAL ALLEGATIONS

12.     During all, or a portion of the Class Period, Plaintiffs and each member of the Plaintiffs' Class was employed by Defendant and each of them, throughout the United States. Plaintiffs and each of the Plaintiffs' Class Members were non-exempt employees covered under state and federal law, one or more IWC Wage Orders, California Labor Code sections 204, 510, 1182.12, 1194, 1197, 1198, 29 U.S.C. sections 206, 207, 29 C.F.R. section 778.315, regulations and statutes, and each Plaintiffs' Class Member was not subject to an exemption which imposed obligations on the part of Defendants to pay Plaintiffs and Plaintiffs' Class Members for all hours worked. In addition, Plaintiffs and Plaintiffs' Class were covered by one or more IWC Wage Orders, and California Labor Code sections 226.7, 512, regulations and statutes which imposed an obligation on the part of the Defendants to provide Plaintiffs and Plaintiffs' Class with meal and rest periods or compensation in lieu thereof. Further, Plaintiffs and Plaintiffs' Class were covered by California Labor Code sections 2800 and 2802,

applicable wage orders, regulations and statutes which imposed an obligation on the part of Defendants to reimburse Plaintiffs and Plaintiffs' Class for necessary business expenditures. Plaintiffs and Plaintiffs' Class Members were also covered California Labor Code sections 201, 202, 203, 204, 226, and applicable regulations and statutes which imposed an obligation on the part of Defendants to provide Plaintiffs and Plaintiffs' Class with accurate wage statements and all wages due upon termination of employment.

13. Business and Professions Code section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Further Business and Professions Code section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

14. Plaintiff WESTLEY ROBINSON began working for Defendants in or around July 2013 as a non-exempt hourly Bather. In or around 2015, Mrs. Robinson was employed as a Groomer and was initially paid an hourly wage plus commissions, and later as a purely commission employee until the end of his employment on or about February 2, 2019.

15. Plaintiff LUTHER COCKRILL began working for Defendants in or around August 2017 as a Bather and was paid an hourly rate of twelve dollars ($12.00). Mr. Cockrill earned thirteen dollars and twenty-five cents ($13.25) by the end of his employment in or around February 2019. During his employment, Mr. Cockrill worked for Defendants' locations in Valencia and Westlake Village, California.

16. Defendants failed to pay Plaintiffs and Plaintiffs' Class for all hours worked by (1) failing to pay minimum wages for non-productive time; (2) failing to pay minimum wage for time spent during rest breaks; (3) failing to pay minimum and/or overtime wages for work performed off-the-clock; (4) failing to

pay overtime at one-and-one-half (1.5) times the employee's regular rate of pay and/or double the regular rate of pay; and (5) failing to include bonuses, commissions, and other incentive pay into the employee's regular rate of pay for purposes of calculating overtime.

17. Defendants failed to pay Plaintiffs for all hours worked under state and federal law. For example, since in or around 2015 when Plaintiff Robinson became a Groomer, she was not paid for all hours worked for each week of her employment beginning in or around 2015 to on or about February 2, 2019. Mrs. Robinson was a full-time employee and worked Thursday through Monday. Mrs. Robinson's scheduled start time was 8:00 a.m. However, Mrs. Robinson was required to arrive earlier (e.g., 7:00 a.m.) in order to prepare and be available to begin grooming services by 8:00 a.m. Despite arriving to work earlier and beginning her job duties prior to her scheduled start time, Mrs. Robinson was required to clock in around her scheduled start time. In addition, Mrs. Robinson was regularly required to clock out at the end of her scheduled end time (e.g., 6:00 p.m.) and continue cleaning and completing paperwork off-the-clock (e.g., until 7:00 p.m.). For example, on January 6, 2019, Mrs. Robinson clocked in at 8:01 a.m. and clocked out at 6:00 p.m. As such, Defendants failed to pay Mrs. Robinson for time spent before and after her scheduled shift. Similarly, from August 2017 until April 2018, while working in Valencia, Plaintiff Cockrill would work 10 to 12 hours per workday but was required to clock out and continue working after eight (8) to 10 hours. While working in Westlake Village from August 2018 until the end of his employment in February 2019, Mr. Cockrill was required to work one to two hours off-the-clock per workweek.

18. In addition, Defendants failed to pay minimum wages for non-productive time or for time spent during rest breaks to commission only employees. For example, during the pay period beginning on December 23, 2018 and ending on January 5, 2019, Plaintiff Robinson worked 48 hours of regular

time and 16.45 hours of overtime. During this pay period, Defendants failed to pay any regular or overtime wages, and instead paid Mrs. Robinson a Groomer Commission in the amount of two thousand seven dollars ($2,007.00), holiday pay of three hundred ninety-one dollars and thirty-seven cents ($391.37), paid-time-off of three hundred ninety-one dollars and thirty-seven cents ($391.37), and tips of three hundred thirty-seven dollars and twenty cents ($337.20). As such, Defendants failed to pay at the least the minimum wage for time spent during rest periods as well as any non-productive time such as completing paperwork, cleaning, and preparing for work.

19.    Defendants also failed to pay overtime wages at one-and-one-half times Plaintiffs' regular rate of pay and/or include any bonuses or other incentive pay when calculating Plaintiffs' overtime rate of pay. For example, for the pay period beginning on August 5, 2018 and ending on August 18, 2018, Defendants paid Mr. Cockrill's overtime at a rate of $19.325. Mr. Cockrill's regular rate of pay during that period was thirteen dollars and twenty-five cents ($13.25), meaning his overtime rate was nineteen dollars and eighty-seven cents ($19.87), a difference of fifty-five cents ($.55) per overtime hour worked. The same violations were occurring during the beginning of Mr. Cockrill's employment, for example for the pay period beginning on August 6, 2017 and ending on August 19, 2017, Defendants paid Mr. Cockrill's overtime at a rate of sixteen dollars and twenty-cents ($16.20) with a regular rate of twelve dollars ($12.00) an hour. As such, Defendants underpaid Plaintiff Cockrill for his overtime compensation since his overtime rate for that period was eighteen dollars ($18.00) per hour, a difference of one dollar and eighty cents ($1.80) per overtime hour worked. Defendants also failed to pay any overtime to Plaintiff Robinson for the period beginning on April 16, 2017 to April 29, 2017. During that period, the wage statement shows that Mrs. Robinson worked 8.85 hours of overtime but he was paid no overtime wages.

20.     During the Class Period, Defendants, and each of them failed and/or refused to schedule Plaintiffs and Plaintiffs' Class in an overlapping manner so as to reasonably provide shift relief for meal and/or rest breaks, thereby causing Members of the Plaintiffs' Class to work without being given paid ten (10) minute rest periods for every four (4) hours or major fraction thereof worked and without being given a timely thirty (30) minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of at least ten (10) hours during which Plaintiffs' Class were relieved of all duties and free to leave the premises. Furthermore, Defendants failed and/or refused to pay Plaintiffs' Class one (1) hour's pay at the employees' regular rate of pay as premium compensation for failing to provide compliant meal and/or rest periods.

21.     Defendants knew Plaintiffs were working through their meal periods and were not being compensated for that time. Plaintiff Robinson regularly was denied compliant meal periods, and was not compensated, from in or around 2015 until the end of her employment on or about February 2, 2019. During these workweeks, Mrs. Robinson's meal periods were regularly late, interrupted, shortened or missed roughly four (4) to five (5) times per workweek as a result of overscheduling and instructions from her supervisors to return to the floor and continue working during her meal periods. In addition, throughout the course of her employment, Defendants failed to provide Mrs. Robinson with a second meal period despite working over 10 hours. For example, on January 20, 2019, Mrs. Robinson worked from 7:50 a.m. to 6:55 p.m. without clocking out for a first or second meal period. Likewise, during the course of Plaintiff Cockrill's employment from in or around August 2017 until the end of his employment in or around February 2019, Defendants failed to provide compliant meal periods roughly four to five (5) times per workweek, and failed to provide second meal periods despite Mr. Cockrill regularly working in excess of ten (10) hours per workday. Defendants failed to pay Plaintiffs meal period premiums for every

COMPLAINT FOR DAMAGES AND RESTITUTION

workday when a meal period violation occurred.

22.    Plaintiff Robinson was regularly denied compliant rest breaks due to understaffing from in or around 2015 until the end of his employment on or about February 2, 2019. During these workweeks, Mrs. Robinson never received 10-minute rest periods roughly four to five times per workweek as a result of overscheduling and understaffing. Similarly, from August 2017 to February 2019, Plaintiff Cockrill was not authorized or permitted to take any rest periods. Defendants also failed to pay Plaintiffs rest period premiums for every workday that a rest period violation occurred.

23.    As a result of the violations mentioned above, Plaintiffs' Class Members who ended their employment during the Class Period were not timely paid all compensation due upon separation of employment as required by California Labor Code sections 201-203 and are entitled to penalties.

24.    Defendants' wage statements were inaccurate and in violation of California Labor Code section 226 because it failed to accurately include gross and net wages earned as a result of the above mentioned violations, the applicable rates of pay for all hours worked, and the correct name and address of the employer, among other things. For example, for the pay period beginning on December 23, 2018 and ending on January 5, 2019, Defendants failed to include on Plaintiff Robinson's wage statement gross and net wages earned, hourly rate of pay for all hours worked, and correct entity name. Similarly, for the pay period beginning on February 3, 2019 and ending on February 16, 2019, Defendants failed to include on Plaintiff Cockrill's wage statement the gross and net wages earned and correct entity name.

25.    Defendants knew or should have known that Plaintiff and Class Members were entitled to receive business reimbursements for necessary expenditures incurred in connection with the performance and execution of their job duties. Defendants required Plaintiff Robinson to purchase brushes, clippers,

COMPLAINT FOR DAMAGES AND RESTITUTION

nail clippers, scissors, muzzles, leads, bandannas, and bows in an amount estimated to be between two thousand dollars ($2,000.00) and three thousand dollars ($3,000.00) without reimbursement. In violation of the California Labor Code, Defendants failed to reimburse Plaintiff Robinson and Class Members for these business-related expenditures.

26.    During the Class Period, the Defendant and each of them, required Plaintiffs and Class Members to work without lawful compensation, in violation of the California Labor Code, FLSA, applicable Wage Orders, regulations and statutes, and Defendants: (1) Willfully failed and refused, and continue to fail and refuse to pay compensation for all hours worked to the Plaintiffs' Class Members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages promptly upon termination of employment to Plaintiffs and Plaintiffs' Class Members.

## FLSA SPECIFIC ALLEGATIONS

27.    Plaintiffs bring claims on behalf of the nationwide FLSA Unpaid Wage Subclass as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. section 216. Plaintiffs and the FLSA Unpaid Wage Subclass are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy and/or plan of willfully and intentionally refusing to pay for all hours worked in violation of the FLSA. The claims of Plaintiffs under the FLSA are therefore similar to the claims of the prospective FLSA Unpaid Wage Subclass.

28.    29 U.S.C. section 206 provides that an employer must pay the applicable minimum wage.

29.    29 U.S.C. section 207 provides that overtime is to be paid at one and one-half times the employee's regular rate of pay.

30.    29 C.F.R. section 778.315 states "*In determining the number of hours for which overtime compensation is due*, *all hours worked* (see underline section 778.223)

COMPLAINT FOR DAMAGES AND RESTITUTION

*by an employee for an employer in a particular workweek must be counted.* Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. ***This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied)*** *or under any applicable statute* ***has been paid.***" (29 C.F.R. section 778.315) (emphasis added.)

31.    29 C.F.R. section 778.316 states "…Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…." (*see* 29 C.F.R. section 778.316)

32.    29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain nonovertime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (*see* 29 C.F.R. section 778.317)

33.    The "FLSA Unpaid Wage Subclass" is defined herein as all persons who are or were employed by Defendants throughout the United States as non-exempt employees and paid hourly and/or commissions, who were not paid wages for all hours worked, during the three years immediately preceding the filing of this action through the date of class certification.

34.    Plaintiffs and the FLSA Unpaid Wage Subclass were and are hourly and/or commission non-exempt employees who were employed under an express and implied contract to receive compensation for all time worked.

35.    Defendants willfully and deliberately failed to pay Plaintiffs and Plaintiffs' Class for all time worked, specifically, by virtue of Defendants' failure

COMPLAINT FOR DAMAGES AND RESTITUTION

to pay wages (1) for non-productive time and time spent during rest breaks for employees paid purely on commissions, (2) for off-the-clock work in violation of federal law, and (3) at the proper overtime rate of pay in violation of 29 U.S.C. sections 206, 207, and 29 C.F.R. section 778.315.

## CLASS ACTION ALLEGATIONS

36.    Plaintiffs bring this action on behalf of themselves and all other similarly situated persons, as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other similarly situated persons in the Class, which is composed of and defined as follows:

a.  <u>The Meal Period Subclass:</u> All persons who are employed or have been employed by Defendants in the State of California, for the four years prior to the filing of this class action to the present, as non-exempt employees and paid hourly and/or commissions, who at any point during the Class Period were entitled to be provided off-duty meal periods or one hour's pay in lieu thereof, in violation of California Labor Code sections 226.7 and 512;

b.  <u>The Rest Period Subclass:</u> All persons who are employed or have been employed by Defendants in the State of California, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and paid hourly and/or commissions, who at any point during the Class Period and were entitled to be provided a rest period for every four hours or major fraction thereof worked per day, or one hour's pay in lieu thereof, in violation of California Labor Code sections 226.7 and applicable IWC Wage Orders;

c.  <u>The Waiting Time Subclass:</u> All persons who are or were employed by Defendants in the State of California at any point during the Class Period, for the three years prior to the filing of this class action to the present, worked as non-exempt employees and were paid hourly and/or commissions, who have been terminated or resigned, that were entitled to be paid wages pursuant to California Labor Code section 203 and are owed restitution for waiting time penalties for unpaid wages;

COMPLAINT FOR DAMAGES AND RESTITUTION

d. <u>The California Unpaid Wage Subclass:</u> All persons who are or were employed by Defendants in the State of California at any point during the Class Period, for the four years prior to the filing of this class action to the present, worked as non-exempt employees and were paid hourly and/or commissions, who at any point during the Class Period were entitled to be paid all wages owed;

e. <u>The FLSA Unpaid Wage Subclass</u>: All persons who are or were employed by Defendants throughout the United States as non-exempt employees and were paid hourly and/or commissions, who were entitled to be paid wages for all hours worked, during the three years immediately preceding the filing of this action through the date of class certification;

f. <u>The Wage Statement Subclass:</u> All persons who are employed or have been employed by Defendants in the State of California, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were paid hourly and/or commissions, who were entitled to be provided accurate payroll records as required by California Labor Code sections 226, 226.2, and 1174; and

g. <u>The Reimbursement Subclass:</u> All persons who are employed or have been employed by Defendants in the State of California, for the four years prior to the filing of this class action to the present, worked as non-exempt employees and were paid hourly and/or commissions, who were entitled to be reimbursed for necessary business expenses incurred.

37.    Plaintiffs reserve the right to amend or modify the Plaintiffs' Class descriptions with greater specificity or further division into Subclasses or limitation to particular issues.

38.    This action has been brought and may be maintained as a class action pursuant to Fed. R. Civ. P. 23 because there is a well-defined common interest among numerous individuals, and it is impractical to bring them all before the court.

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

## COMMON QUESTIONS OF LAW AND FACT

39.     Common questions of law and fact exist as to all Members of the Subclasses that predominate over any questions affecting individual Members, including, but not limited to, the following:

a.     Whether Defendants violated California Labor Code sections 204, 510, 1182.12, 1194, 1197, 1198, and the applicable IWC Wage Orders by failing to pay all wages, including minimum and overtime wages earned and due to Plaintiffs and the Unpaid Wage Subclass;

b.     Whether Defendants violated 29 U.S.C. sections 206, 207, and 29 C.F.R. section 778.315 by failing to pay for all hours worked, including minimum and overtime wages to Plaintiff and the FLSA Unpaid Wage Subclass;

c.     Whether Defendant violated California Labor Code sections 226, 226.2, and 1174 by failing to furnish accurate wage statements to Plaintiffs and the Wage Statement Subclass;

d.     Whether Plaintiffs and the Waiting Time Subclass Members are entitled to penalties pursuant to California Labor Code section 203;

e.     Whether Defendants violated the meal break provisions of California Labor Code sections 226.7, 512, and the applicable IWC Wage Orders by failing to provide Plaintiffs and the Meal Period Subclass proper meal periods or compensation in lieu thereof;

f.     Whether Defendant violated the rest break provisions of California Labor Code Sections 226.7 and the applicable IWC Wage Orders by failing to authorize or permit Plaintiffs and the Rest Period Subclass to take compliant rest periods or compensation in lieu thereof;

g.     Whether Defendant violated the provisions of California Labor Code Sections 2800 and 2802 by failing to reimburse Plaintiffs and the Reimbursement Subclass for necessary business expenditures; and

/ / /

h.      What is the proper measure of damages sustained by Members of the California and FLSA Subclasses?

40.      The typicality of the claims or defenses of the putative class representatives and the potential class are similar:

(a)      The questions of law and fact common to the Class predominate over any question affecting only individual Members;

(b)      Plaintiffs' claims are typical of those of the California and FLSA Unpaid Wage Subclasses. Plaintiffs, like other Members of the California and FLSA Unpaid Wage Subclasses, were subjected to Defendants' policy and practice of refusing to pay for all hours worked in violation of California and federal law. Plaintiffs' job duties and compensation were also typical of other Members of the California and FLSA Unpaid Wage Subclasses.

(c)      Plaintiffs' claims are also typical of those in the Meal and Rest Period Subclasses. Plaintiffs, like all Members of the Meal and Rest Period Subclasses were subjected to Defendants' policy and practice of refusing to provide compliant meal and rest breaks or compensation under California law.

(d)      Plaintiffs' claims are also typical of those of the Wage Statement Class. Plaintiffs, like other Members of the Wage Statement Subclass, were subjected to Defendants' policy and practice of issuing wage statements that failed to include gross and net wages earned, applicable hourly rates for all hours worked, and employer's information in violation of California law.

(e)      Plaintiffs' claims are also typical of those of the Waiting Time Subclass. Plaintiffs, like other Members of the Waiting Time Subclass were subjected to Defendants' policy and practice of refusing to provide statutory meal and rest breaks or compensation in lieu thereof, and pay all wages, among other things in violation of California law. As a result of these violations, Defendants were required to timely pay Plaintiffs all wages due at the end of the employment relationship.

COMPLAINT FOR DAMAGES AND RESTITUTION

(f) Plaintiffs' claims are also typical of Members of the Reimbursement Subclass. Plaintiffs, like all Members of the Reimbursement Subclass were subjected to Defendants' policy and practice of refusing to reimburse Plaintiffs for necessary business expenditures in violation of California law.

41. Based on the preceding paragraphs, there is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations, and other improprieties, and in obtaining adequate compensation for the damages and injuries that Defendants have inflicted upon the Plaintiffs' Class.

42. Plaintiffs will fairly and adequately represent and protect the interests of all the various Subclass Members because they have no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiffs have retained counsel who are competent and experienced in class action wage-and-hour litigation.

43. Collective and class treatment is superior to alternative methods to adjudicate this dispute because Plaintiffs and other Class Members suffered similar treatment and harm as a result of systematic policies and practices of Defendants, and because, absent a class and collective action, Defendants' unlawful conduct will be unabated given that the damages suffered by individual Class Members are small compared to the expense and burden of individual litigation. Class certification is also superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendants' practices. Moreover, Plaintiffs and the other Members of the Plaintiffs' Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action.

/ / /

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

44.    The Class is so numerous (in excess of hundreds of individuals) that it is impractical to bring all Members of the Class before the Court.

45.    There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate Members of the Class for the injuries sustained.

46.    Without class certification, the prosecution of separate actions by individual Members of the Class would create a risk of:

(1)  Inconsistent or varying adjudications with respect to individual Members of the Class that would establish incompatible standards of conduct for Defendants; and

(2) Adjudications with respect to the individual Members which would, as a practical matter, be dispositive of the interests of other Members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to, the potential for exhausting the funds available.

47.    The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiffs' attorneys are competent, ready, willing and able to fully and adequately represent the Class and individually named Plaintiffs. Plaintiffs' attorneys have prosecuted and settled numerous wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in federal and California courts.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### 29 U.S.C. section 206 and C.F.R. section 778.315

### (Against All Defendants)

48.    Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

/ / /

49.    This claim is brought pursuant to 29 U.S.C. section 206, which requires employers to pay all non-exempt employees at least the minimum wage for all hours worked.

50.    29 U.S.C., section 216 provides that "[a]ny employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

51.    Defendants and the FLSA Unpaid Wage Subclass did not enter into any agreement, express or implied, pertaining to the payment or non-payment of overtime compensation.

52.    Plaintiffs and the FLSA Unpaid Wage Subclass are non-exempt employees that were paid hourly and/or commissions who were employed under an express and implied contract to receive compensation for all time worked.

53.    Plaintiffs are informed and believe, and thereon allege, that Defendants regularly and systematically, as a policy and practice, failed to pay Plaintiffs and Plaintiffs' Class Members wages for all hours worked by (1) failing to pay the applicable minimum wage for off-the-clock work before and after their scheduled shifts, and during meal periods; and (2) failing to pay the applicable minimum wage for non-productive time and time spent during rest breaks for employees paid purely commissions.

54.    Plaintiffs and Members of the FLSA Unpaid Wage Subclass were not compensated for all hours worked.

55.    Defendants' policies and practices alleged herein violate the FLSA's minimum wage compensation requirements including, but not limited to, 29 U.S.C. sections 206, 2017 and 29 C.F.R. section 778.315.

56.    Defendants' policies and practices, as alleged herein, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. section 255.

57.   Defendants' conduct in failing to pay wages as hereinabove alleged was willful, in that Defendants knew that their conduct violated the FLSA, or showed reckless disregard as to whether their conduct violated the FLSA.

58.   Defendants' policies and practices of failing to compensate Plaintiffs and Members of the FLSA Unpaid Wage Subclass for hours all hours worked at the proper rates, create an entitlement to recovery for the outstanding unpaid wages amount at the proper rates for the three years prior to the filing of this Complaint until the date of class certification or entry of judgment, including liquidated damages, attorneys' fees and costs, and interest thereon, pursuant to 29 U.S.C. §section 216.

## SECOND CAUSE OF ACTION

**Violation of the Fair Labor Standards Act**

**29 U.S.C. section 207 and C.F.R. section 778.315**

**(Against All Defendants)**

59.   Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

60.   This claim is brought pursuant to 29 U.S.C. section 20, which requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek.

61.   29 U.S.C., section 216 provides that "[a]ny employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

62.   29 C.F.R. section 778.315 states "In determining the number of hours for which overtime compensation is due, all hours worked (see section 778.223) by an employee for an employer in a particular workweek must be counted.

COMPLAINT FOR DAMAGES AND RESTITUTION

Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the non-overtime hours under his contract (express or implied) or under any applicable statute has been paid." (29 C.F.R. section 778.315) (emphasis added.)

63.    29 C.F.R. section 778.316 states "…Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…." (see 29 C.F.R. section 778.316)

64.    29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain nonovertime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (see 29 C.F.R. section 778.317)

65.    Defendants and the FLSA Unpaid Wage Subclass did not enter into any agreement, express or implied, pertaining to the payment or non-payment of overtime compensation.

66.    Plaintiffs and the FLSA Unpaid Wage Subclass are non-exempt employees that were paid hourly and/or commissions who were employed under an express and implied contract to receive compensation for all time worked.

67.    Plaintiffs are informed and believe and based thereon allege that Plaintiffs and the FLSA Unpaid Wage Subclass were not exempt from overtime pay in that they did not meet any applicable exemptions under federal law.

68.    Plaintiffs and the FLSA Unpaid Wage Subclass worked more than 40 hours per week, without being paid the proper overtime pay as required by the

FLSA

69.    Plaintiffs are informed and believe, and thereon allege, that Defendants regularly and systematically, as a policy and practice, failed to pay Plaintiffs and Plaintiffs' Class Members wages for all hours worked by (1) failing to pay the applicable overtime wage for off-the-clock work before and after their scheduled shifts, and during meal periods; and (2) failing to pay all overtime wages at the proper rates by failing to pay one-and-a-half (1.5) times the regular rate of pay and by failing to include bonuses, commissions, and other incentive pay into employees' regular rate of pay for purposes of calculating overtime in violation of federal law.

70.    Defendants' policies and practices alleged herein violate the FLSA's minimum wage and overtime compensation requirements including, but not limited to, 29 U.S.C. sections 206, 2017 and 29 C.F.R. section 778.315.

71.    Defendants' policies and practices, as alleged herein, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. section 255.

72.    Defendants' conduct in failing to pay wages as hereinabove alleged was willful, in that Defendants knew that their conduct violated the FLSA, or showed reckless disregard as to whether their conduct violated the FLSA.

73.    Defendants' policies and practices of failing to compensate Plaintiffs and Members of the FLSA Unpaid Wage Subclass for hours all hours worked at the proper rates, create an entitlement to recovery for the outstanding unpaid wages amount at the proper rates for the three years prior to the filing of this Complaint until the date of class certification, including liquidated damages, attorneys' fees and costs, and interest thereon, pursuant to 29 U.S.C. section 216.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

## **THIRD CAUSE OF ACTION**

### **Failure to Pay All Wages for All Hours Worked**

### **California Labor Code sections 204, 206, 1182.12, 1194, 1197, 1198**

### **(Against All Defendants)**

74.    Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

75.    Any employee receiving less than the legal minimum wage or legal overtime compensation is entitled to recover in a civil action the amount of unpaid wages, attorneys' fees, and costs of suit.  Cal. Lab. Code, section 1194(a).

76.    California Labor Code section 1182.12 provides that on and after July 1, 2014, the minimum wage for all industries shall not be less than nine dollars ($9.00) per hour, and on and after January 1, 2016, the minimum wage for all industries shall not be less than ten ($10.00) per hour. For employers who employed 26 or more people from January 1, 2017 to December 31, 2017, the minimum wage rate in California was ten dollars and fifty cents ($10.50) per hour. From January 18, 2018 to December 31, 2018, the minimum wage rate in California was eleven dollars ($11.00) per hour. From January 1, 2019 to December 31, 2019, the minimum wage rate in California is twelve dollars ($12.00) per hour. Plaintiff is informed and believes Defendants employed more than 26 employees.

77.    Notwithstanding any other provision of the California Labor Code, hourly minimum wage rates are set for all industries according to statute. Cal. Lab. Code section 1182.12. Employers must pay employees no less than minimum wage for each hour worked. Cal. Lab. Code section 1194.

78.    In any action to recover payment of wages less than the minimum wage an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Cal. Lab. Code section 1194.2.

COMPLAINT FOR DAMAGES AND RESTITUTION

79.    Any work in excess of eight (8) hours in any workday and any work in excess of forty (40) hours in a workweek, shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee. Cal. Lab. Code section 510(a). Any work in excess of twelve (12) hours in a workday shall be compensated at the rate of twice the regular rate of pay for an employee. Cal. Lab. Code, section 510(a).

80.    All wages earned in employment are due and payable twice during each calendar month on dates designated in advance by the employer. Cal. Lab. Code section 204.

81.    In case of a dispute over wages, the employer shall pay, without condition and promptly under the Labor Code all wages conceded due, leaving to the employee all remedies he/she is otherwise entitled to as to any balance claimed.  Cal. Lab. Code, section 206.

82.    Plaintiffs and the California Unpaid Wage Subclass regularly worked over eight (8) hours per day, twelve (12) hours per day, and forty (40) hours per week.

83.    Plaintiffs are informed and believe, and thereon allege, that Defendants regularly and systematically, as a policy and practice, failed to pay Plaintiffs and the California Unpaid Wage Subclass wages for all hours worked by (1) failing to pay the applicable minimum and overtime wage for off-the-clock work before and after their scheduled shifts, and during meal periods; (2) failing to pay the applicable minimum wage for non-productive time and time spent during rest breaks for employees paid purely commissions; (3) failing to pay all overtime wages at the proper rates by failing to pay one-and-a-half (1.5) times the regular rate of pay and by failing to include bonuses, commissions, and other incentive pay into employees' regular rate of pay for purposes of calculating overtime in violation of federal law; and (4) failing to pay double time.

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

84.     Defendants willfully violated the California Labor Code by failing to pay Plaintiffs and the California Unpaid Wage Subclass all wages including minimum and overtime wages for all hours worked.

85.     As such Plaintiffs and the California Unpaid Wage Subclass seek unpaid wages in an amount according to proof. Pursuant to California Labor Code section 1194, the Class Members seek the payment of all compensation which they earned and accrued four (4) years prior to filing this action, according to proof.

86.     Additionally, Plaintiffs and the California Unpaid Wage Subclass are entitled to attorneys' fees and costs, pursuant to California Labor Code section 1194 and Code of Civil Procedure section 1021.5, and prejudgment interest.

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal Periods or Compensation in Lieu Thereof

### California Labor Code sections 226.7 and 512

### (Against All Defendants)

87.     Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

88.     California Labor Code sections 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

89.     California Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

90.     At all relevant times, Plaintiffs and the Meal Period Subclass worked in excess of five (5), 10, and hours in a workday.

91.     Defendants failed to schedule non-exempt employees in an adequately overlapping manner so as to reasonably ensure Plaintiffs and the Meal Period Subclass could take and/or receive such meal periods within the statutory timeframe. As a result, Plaintiffs and the Meal Period Subclass were often forced to clock out for meal periods and continue working during their meal periods or have their meal periods cut short of 30 minutes. Defendants also failed to provide second meal periods.

92.     In so doing, Defendants have intentionally and improperly denied meal periods to Plaintiffs and the Meal Period Subclass in violation of California Labor Code sections 226.7 and 512 and other regulations and statutes.

93.     Due to Defendants' failure to schedule relief from duty, the refusal of supervisors to cover Plaintiffs, and supervisors demand that work be completed during meal periods, Plaintiffs missed four to five meal breaks per workweek and never received a second meal break.

94.     Furthermore, Defendants failed to provide Plaintiffs and the Meal Period Subclass with duty free meal periods in violation of California Labor Code sections 226.7 and 512 because Plaintiffs and the Meal Period Subclass were frequently asked to return to work prior to completing their thirty-minute meal break.

95.     Defendants failed to pay one additional hour of pay at Plaintiffs and the Meal Period Subclass Members' regular rate of pay for each workday that a meal period violation occurred.

96.     By virtue of the Defendants' failure to schedule Plaintiffs and the Meal Period Subclass in such a way as to provide meal periods, Plaintiffs and the Meal Period Subclass suffer, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this

Court and which will be ascertained according to proof at trial.

97.     Plaintiffs individually, and on behalf of the Meal Period Subclass request recovery of meal period compensation pursuant to California Labor Code section 226.7 which they are owed beginning four (4) years prior to filing this action as well as the assessment of any statutory penalties against Defendants in a sum as provided by the California Labor Code and/or other statutes.

## FIFTH CAUSE OF ACTION

**Failure to Provide Rest Period or Compensation in Lieu Thereof**

**California Labor Code sections 226.7 and applicable IWC Wage Orders**

**(Against All Defendants)**

98.     Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

99.     California Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

100.    California Labor Code section 226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

101.    At all times relevant hereto, Plaintiffs and Plaintiffs' Class, have worked more than four (4) hours, six (6) hours, and/or 10 hours in a workday.

102.    Defendants failed and or refused to implement a relief system by which Plaintiffs and the Rest Period Subclass could receive compliant rest periods. Due to Defendants' relief system, Plaintiffs and the Rest Period Subclass did not receive their rest periods within the required statutory time frame. By and through their actions, Defendants intentionally and improperly denied rest periods to the Plaintiffs and the Rest Period Subclass in violation of California Labor Code sections 226.7 and 512.

COMPLAINT FOR DAMAGES AND RESTITUTION

103.    Plaintiffs regularly had their rest period denied roughly four (4) to (5) times per workweek. Plaintiffs never received third rest breaks and rarely received any rest breaks.

104.    By virtue of Defendants' unlawful failure to provide rest periods to Plaintiffs and Plaintiffs' Class as a result of their scheduling and shift relief system, Plaintiffs and the Rest Period Subclass have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

105.    Plaintiffs, themselves and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to California Labor Code section 226.7, which they are owed beginning four (4) years prior to filing this action as well as the assessment of any statutory penalties against Defendants in a sum as provided by the California Labor Code and/or any other statute.

## SIXTH CAUSE OF ACTION

### Failure to Maintain Accurate Payroll Records

### California Labor Code sections 226, 226.2, and 1174

### (Against All Defendants)

106.    Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

107.    California Labor Code section1174 (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee.   Plaintiffs are informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiffs and the Class.

108.    California Labor Code section 226(a) states that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or

COMPLAINT FOR DAMAGES AND RESTITUTION

her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash,, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (4) all deductions…,(5) net wages, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than  a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee…"

109.   California Labor Code section 226.2(a)(2) requires that the itemized statements required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, state the following: total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

110.   IWC Wage Order No. 2-2001, paragraph 7(a) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work periods, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay.  Plaintiffs are informed and believe that Defendants willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiffs and the Wage Statement Subclass. Specifically, Plaintiffs believe that Defendants' records do not accurately reflect gross and net wages earned, applicable rates for all hours worked, and the correct entity name and address.

111.   California Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee, causing the

employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000). Plaintiffs are informed and believe, and thereon allege that Defendants willfully failed to make or keep accurate records for Plaintiffs and the Wage Statement Subclass.

112.   Plaintiffs and the Wage Statement Subclass were injured by Defendants' failure to provide accurate and complete information as required by Subsections (1), (2), (3), (4), and (9) of California Labor Code 226(a) pursuant to California Labor Code section 226(e)(2)(B)(i) and (iii) in that they are/were not able to promptly and easily determine from the wage statements alone, without significant effort and/or assistance from experts, the total hours worked, all applicable hourly rates of pay with the corresponding number of hours worked, proper gross/net pay due, and accurate employer information. Also, Defendants' failure to comply with California Labor Code section 226(a) hindered Plaintiffs and the Wage Statement Subclass from determining the amounts of wages actually owed to them without reference to other documents or information, creating significant effort and cost to employees.

113.   As a result, Defendants, jointly and severally, are liable to Plaintiffs and Class Members for the amounts as penalties provided by California Labor Code section226(e) and reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated or Resigned Employees

### California Labor Code sections 201-203

### (Against All Defendants)

114.   Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

/ / /

115.    Plaintiffs and the Waiting Time Subclass who ended their employment with Defendants during the Class Period, were entitled to be promptly paid for all hours worked, as required by California Labor Code sections 201-203.  Defendants refused and/or failed to promptly compensate Plaintiffs and Plaintiffs' Class wages owed as a result of their failure to pay Plaintiffs and the Waiting Time Subclass minimum and overtime wages, among other things. Pursuant to California Labor Code section 203, Plaintiffs and Waiting Time Subclass Members seek the payment of penalties according to proof.

### EIGHTH CAUSE OF ACTION

**Failure to Reimburse for Necessary Expenditures – California Labor Code sections 2800 and 2802**

**(Against All Defendants)**

116.    Plaintiffs and Plaintiffs' Class incorporate all preceding paragraphs of this Complaint as if fully alleged herein.

117.    California Labor Code section 2800 provides that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care.

118.    California Labor Code section 2802 states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...."

119.    Plaintiff Robinson and the Reimbursement Subclass were not reimbursed by Defendants for necessary expenditures as a direct consequence of the discharge of their duties.

120.    Defendants knowingly, willingly and intentionally attempted to offset the cost of doing business on Plaintiff Robinson and the Reimbursement Subclass.

121.    Defendants had a corporate practice and policy of requiring Plaintiffs and the Reimbursement Subclass to shoulder the burden of Defendants' cost of doing business by requiring Plaintiffs and the Reimbursement Subclass to

purchase brushes, clippers, nail clippers, scissors, muzzles, leads, bandannas, and bows. Plaintiff Robinson estimates that her necessary business expenditures is between $2,000.00 and $3,000.00 and Defendants failed to reimburse her for these expenses. In violation of the California Labor Code, Defendants failed to reimburse Plaintiff Robinson and Class Members for business-related expenditures.

122.   Accordingly, Plaintiffs and Plaintiffs' Class are entitled to an award of "necessary expenditures or losses" in accordance with California Labor Code section 2802, which shall also include all reasonable costs, including, but not limited to, attorneys' fees and interest.

## NINTH CAUSE OF ACTION

### Unfair Competition Law

### (Against All Defendants)

123.   California Business and Professions Code section 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

124.   California Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

125.   California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

126.    Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this FAC including but not limited to violations of California Labor Code sections 201-204, 206-207, 226, 226.2, 226.7, 510, 512, 1182.12, 1194, 1197, 1198 1197, 1198, 2800, and 2802 as well as other statutes.

127.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 et. seq.

128.    The acts and practices described above constitute unfair, unlawful and fraudulent Business Practices, and unfair competition, within the meaning of Business and Professions Code section 17200 et. seq.  Among other things, the acts and practices have forced Plaintiffs and other similarly situated employees to labor for many hours without receiving meal and rest periods or compensation in lieu thereof, minimum and overtime wages for all hours worked, and reimbursement for their out-of-pocket business expenses, to which they are entitled by law, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

129.    As a result of Defendants' acts, Plaintiffs and Plaintiffs' Class have suffered injury in fact in being denied their statutorily entitled meal and rest periods, reimbursements, and full compensation for hours of labor.  As a result of Defendants' unlawful acts of unfair competition, Plaintiffs and Plaintiffs' Class have lost money and property in the form of a loss of wages in an amount to be proven at trial.

/ / /

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

130.   Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiffs and Plaintiffs' Class are entitled to restitution pursuant to Business and Professions Code section 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them, during the four-year period prior to the filing of this action.

131.   Business and Professions Code section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiffs and Plaintiffs' Class are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to Business and Professions Code section 17202.

132.   Plaintiffs herein takes upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing him to pay attorney's fees from the recovery in this action. Attorney's fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Plaintiffs' Class pray for judgment as follows:

1.     For nominal damages;

2.     For compensatory damages;

3.     For economic and/or special damages in an amount according to proof with interest thereon;

4.     For damages, monetary relief, wages, premiums, reimbursements, benefits and penalties, including interest thereon;

/ / /

5.    For restitution of all monies due to Plaintiffs and Plaintiffs' Class, and disgorged profits from the unlawful business practices of Defendants;

6.    For waiting time penalties pursuant to California Labor Code section 203, on behalf of the terminated or resigned employees;

7.    For penalties pursuant to California Labor Code sections 226, 226(e), 226.7, 512, and 1194;

8.    For liquidated damages pursuant to Labor Code section 1194.2;

9.    For interest accrued to date;

10.    Injunctive relief, enjoining Defendants from engaging in the unlawful and unfair business practices complained herein;

11.    Declaratory relief, declaring Defendants' practices as being unlawful and unfair business practices within the meaning of Business & Professions Code sections 17200, et seq., and declaring Defendants have unlawfully treated Plaintiffs and Plaintiffs' Class, failed to pay all wages in violation of California law, failed to pay wages to former employees Plaintiffs and other certain Members of Plaintiffs' Class, failed to provide meal and rest periods or compensation in lieu thereof, failed to provide Plaintiffs and Plaintiffs' Class accurate itemized wage statements upon payment of wages, failed to reimburse necessary business expenditures, and declaring the amounts of damages, penalties, equitable relief, costs, and attorney's fees Plaintiffs and Plaintiffs' Class are entitled to;

12.    For costs of suit and expenses incurred herein pursuant to California Labor Code sections 226, 1194, and Cal. Code of Civ. Proc. section 1021.5;

13.    For interest on all sums recovered pursuant to Cal. Code of Civ. Proc. section 218.6, 3287, and 3289;

14.    For reasonable attorneys' fees pursuant to California Labor Code sections 226, 1194, 2802, and

/ / /

COMPLAINT FOR DAMAGES AND RESTITUTION

15.    For all such other and further relief as the Court may deem just and proper.

Dated: June 3, 2021                         **MAHONEY LAW GROUP, APC**


                                            */s/ Kevin Mahoney*
                                            Kevin Mahoney, Esq.
                                            Attorneys for Plaintiffs WESTLEY
                                            ROBINSON and LUTHER COCKRILL as
                                            individuals, and on behalf of all similarly
                                            situated employees,

COMPLAINT FOR DAMAGES AND RESTITUTION

## **DEMAND FOR JURY TRIAL**

Plaintiffs WESTLEY ROBINSON and LUTHER COCKRILL hereby demands a jury trial on all issues so triable.

Dated: June 3, 2021                      **MAHONEY LAW GROUP, APC**


                                         _/s/ Kevin Mahoney_
                                         Kevin Mahoney, Esq.
                                         Attorneys for Plaintiffs WESTLEY
                                         ROBINSON and LUTHER COCKRILL as
                                         individuals, and on behalf of all similarly
                                         situated employees,

COMPLAINT FOR DAMAGES AND RESTITUTION